IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVI HOOVER, | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-04630-JMG |
| | : | |
| BEACON CONTAINER CORPORATION, *et al.*, | : | |
|       Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                              **May 23, 2024**

## I.     OVERVIEW

Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, as well as related state law claims, arising out of alleged discrimination perpetrated by Plaintiff's employer, Defendant Beacon Container Corporation ("Beacon Container") and Plaintiff's Union Defendant United Steel Workers Local 286 ("United Steel"). Before the Court is Defendant Beacon Container's Partial Motion to Dismiss (ECF No. 14) multiple counts of the Amended Complaint (ECF No. 12). As the Court accepts all factual allegations of the Amended Complaint as true at this early stage, it declines to dismiss all but the hostile work environment and discrimination claims as they relate to Plaintiff's race.

## II.    BACKGROUND

On November 22, 2023, Plaintiff Hoover filed the instant action against Defendants Beacon Container and United Steel Workers Local 286. *See* Complaint, ECF No. 1. Subsequently, after Defendant Beacon Container's first Motion to Dismiss, Plaintiff filed an Amended Complaint. *See* Def. First Motion to Dismiss, ECF No. 9; Amend. Complaint, ECF No. 12. As it

relates to Defendant Beacon Container, the Amended Complaint brings claims of Hostile Work Environment based on Plaintiff's sex, race, and retaliatory harassment both in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"), Retaliation in violation of Title VII and the PHRA, Discrimination on the basis of both sex and race in violation of Title VII and the PHRA, violation of the Pennsylvania Public Policy Retaliation for Making a Workers Compensation Claim, and violation of the Pennsylvania Public Policy Retaliation for Filing an Unemployment Compensation Claim.[1] Before the Court is a ripe second motion to dismiss on behalf of Defendant Beacon Container. The Motion seeks to dismiss Counts I through XII.[2]

The Complaint alleges Defendant Beacon Container hired Plaintiff in October 2021. *Id.* at ¶ 6. At that time, Plaintiff disclosed his transgender status to the company and requested that his status remain private. *Id.* at ¶ 10. Plaintiff believes that this information was shared. *Id.* at ¶ 11. Around February 2022, some of Defendant Beacon Container's employees began making intimidating comments to Plaintiff and entering his personal space. *Id.* at ¶¶ 13-17. Most of these comments and interactions were sex-based, including comments of Plaintiff not acting like a man, calling him a "SHIM," and looking at him in a hostile manner as he entered the bathroom. *Id.* at ¶¶ 13-17, 20. Additionally, a race-based comment was made by one employee on numerous occasions. *Id*. at ¶ 16. Plaintiff complained to the owner and human resources director and was told by a supervisor that he would talk to these individuals, but the treatment toward Plaintiff did not improve. *Id.* at ¶¶ 21-22.

---

[1] Because the instant motion is filed on behalf of Defendant Beacon Container, the Court does not address the claims as they relate to Defendant United Steel.
[2] As noted in Defendant Beacon Container's Motion to Dismiss, Plaintiff improperly numbers his claims within the Complaint. For ease of reference, the Court adopts Defendant Beacon Container's chronological numbering system.

2

The owner and human resources director told Plaintiff that his colleagues were not comfortable working with him and informed him she would not look into the situation. *Id.* at ¶¶ 24-25. After Plaintiff contacted the EEOC, she confronted Plaintiff, yelled at him, and told him bullying "happens here" and he would have to "deal with it."[3] *Id.* at ¶ 31. Additionally, she screamed at Plaintiff, chastising him for seeking out a "transgender lawyer." *Id.* at ¶ 29.

Concurrently with this discrimination, Plaintiff suffered a work-related injury that resulted in job restrictions. *Id.* at ¶¶ 33, 36. While Plaintiff's immediate supervisor assigned Plaintiff duties within these restrictions, the owner countermanded this decision and required Plaintiff to complete tasks outside of his medical restrictions. *Id.* at ¶¶ 38-39. Employees circulated false claims that Plaintiff's injuries were self-inflicted and at one time, Plaintiff was sent home because of these restrictions. *Id.* ¶¶ 41-46, 49.

On April 6, 2022, employees of Defendant Beacon Container sent Plaintiff home under the false pretext of inadequate work tasks. *Id.* at ¶ 51. After that, Defendant Beacon Container Informed Plaintiff "he could not work in the workplace because he made false allegations and needed to get psychiatric help and until he received it, he could not work there." *Id.* at ¶ 53. At that time, Plaintiff filed for unemployment and filed a complaint with his Union. *Id.* at ¶¶ 58-59.

Subsequently, Plaintiff's condition required surgery, which was scheduled for May 6, 2022. *Id.* at 64. Defendant Beacon Container was informed of the surgery schedule yet mailed Plaintiff a letter the day prior that required a response on May 6, 2022 and indicated if Plaintiff failed to respond he would be deemed to have resigned. *Id.* at 64-66. Plaintiff did not respond on

---

[3] As discussed *infra*, Plaintiff did not file an EEOC Complaint at this time as alleged. *See* Def. Motion to Dismiss, Exhibits A-D. However, as the Court takes the rest of the allegations in the Complaint as true, it assumes that Plaintiff either did contact the EEOC or other employees believed he had such contact, as there was a verbal interaction regarding the matter.

May 6, 2022 but responded on the next day asserting that he was not resigning. *Id.* at 69. However, he was deemed terminated. *Id.* at 71.

### III.     LEGAL STANDARD

"When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Deal v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:22-cv-01269, 2022 U.S. Dist. LEXIS 197203 at *4 (W.D. Pa. Oct. 31, 2022) (quoting *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into

4

one for summary judgment.'" *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

IV.     **ANALYSIS**

    A.     **Hostile Work Environment**

To state a Title VII claim for hostile work environment, a Plaintiff must allege: "(1) intentional discrimination because of h[is] race or sex; (2) the discrimination is severe or pervasive; (3) the discrimination detrimentally affected h[im]; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability."[4] *Gillis v. Norristown State Hosp.*, No. 22-3362, 2023 U.S. Dist. LEXIS 84880 at *14 (E.D. Pa. May 15, 2023). "Less severe isolated incidents which would not themselves rise to the level of discrimination may, when taken together as part of the overall scenario, evidence discriminatory animus, and one severe incident may be enough to create a hostile work environment." *Starnes v. Butler Cty. Court of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020) (quoting *Komis v. Sec'y of U.S. Dep't of Labor*, 918 F.3d 289, 293-94 (3d Cir. 2019)). However, "the sporadic use of abusive language, gender-related jokes, and occasional teasing" do not suffice to state a claim under Title VII. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

        1.     **Based on Sex**

Here, the Complaint alleges that Plaintiff was subjected to a hostile work environment because of his status as a transgender male. Defendant contends Plaintiff fails to allege more than "isolated and sporadic incidents, at unspecified times during his employment, that do not constitute 'severe or pervasive conduct.'" Brief in Support of Partial Motion to Dismiss at 9, ECF No. 14-1.

---

[4] Courts apply the same standard when analyzing claims brought under Title VII and the PHRA. Dykes v. Marco Group, Inc., 222 F.Supp. 3d 418, 424 (E.D. Pa. 2016).

The Court finds the claims, as they relate to Plaintiff's status as a transgender individual, sufficiently pled at this stage.

The Complaint contains numerous allegations of discriminatory conduct that occurred over the short span of a few months.[5] During that time, employees of Defendant repeatedly made sex-based comments to Plaintiff including "Oh, you want to act like a man, I'll show you how a man acts", calling him a "SHIM," and referring to him as a "freak."[6] Amend. Complaint at ¶¶ 13, 20. Beyond the name-calling, employees repeatedly "got into Plaintiff's face" and "gave intimidating looks," especially when Plaintiff was entering the bathroom." *Id.* at ¶¶ 14, 17. One employee went as far as physically throwing a box at Plaintiff. *Id.* at ¶ 20. The comments and physical encounters were not isolated and sporadic incidents. Instead, they were repeated and pervasive, as they occurred more than ten times over the course of a short time period. *Id.* at ¶ 17.

Plaintiff alleges supervisors working for Defendant failed to remedy the discriminatory action and perpetrated the hostile work environment. Upon reporting the discriminatory actions, a supervisor told Plaintiff discrimination and bullying "happens here," and Plaintiff had to "deal with it." *Id.* ¶ 31. Plaintiff was further told that colleagues were "not comfortable" working with him and management would not investigate his allegations because "something bad will happen."

---

[5] For purposes of the Motion to Dismiss, the Court accepts all allegations as true. *Deal v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:22-cv-01269, 2022 U.S. Dist. LEXIS 197203 at *4 (W.D. Pa. Oct. 31, 2022) ("When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'") (quoting *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)).

[6] "SHIM" is a derogatory colloquial term used against transgender persons. The term combines the words "she" and "him." Amended Complaint at ¶ 20, ECF No. 12.

*Id.* at ¶¶ 24-25. Upon belief that Plaintiff filed an EEOC complaint, company employees cornered Plaintiff and scolded him for seeking out a "transgender lawyer." *Id.* at ¶ 29.

The Court finds the alleged conduct goes beyond isolated and sporadic incidents and sufficiently alleges a hostile work environment that adversely affected Plaintiff. This conduct would detrimentally affect a reasonable person in like circumstances, and *respondeat superior* liability is properly alleged.

### 2. Based on Race

On the other hand, the only race-based allegation in the Complaint is that one employee repeatedly called Plaintiff a "bitch ass nigga." *See id.* at ¶ 16. While offensive, the sporadic and isolated comments of one employee cannot establish a hostile work environment based on race.[7] The use of this phrase is reprehensible and has no place in society, no less the workplace. However, Title VII is not a "general civility code," and instead is intended to target conduct so "extreme to amount to a change in the terms and conditions of employment." *Faragher,* 524 U.S. at 788 (internal citations and quotations omitted). While the phrase is unacceptable, it does not meet the high bar imposed by Title VII.

### B. Retaliation

Plaintiff alleges Defendant retaliated against him for filing an EEOC complaint and engaging in oppositional conduct. Defendant argues that Plaintiff cannot recover under this theory because (1) he did not file an EEOC charge of discrimination prior to his termination and (2) he

---

[7] While the Court finds the allegations of hostile work environment based on Plaintiff's race fail to state a claim under Title VII, it acknowledges the unacceptable sexual component of this phrase. It is therefore considered and further reinforces the claims based on Plaintiff's sex.

cannot establish a causal connection to his reports of discrimination and the adverse employment action. The Court partially agrees with both parties.

To state a Title VII claim for retaliation, a Plaintiff must allege: "(1) [he] engaged in activity protected by Title VII"; (2) h[is] employer "took an adverse action against h[im]"; and (3) "a causal link between h[is] protected activity" and the employer's adverse action exists. *Gillis*, 2023 U.S. Dist. LEXIS 84880 at *18. "An employee engages in protected activity when [he] opposes an employment practice prohibited by Title VII." *Gilbert v. Milton Hershey Sch.*, No. 1:16-cv-1798, 2017 U.S. Dist. LEXIS 139500 at *13 (M.D. Pa. Aug. 30, 2017).

"To establish the requisite causal connection, Plaintiff must allege facts to demonstrate either: '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" *Frazer v. Temple Univ.*, 25 F. Supp. 3d 598, 615 (E.D. Pa. June 5, 2014) (quoting *Cooper v. Menges*, 541 F. App'x 228, 232 (3d Cir. 2013)). Temporal proximity alone "cannot support an inference of causal connection unless the alleged retaliatory action and the protected activity were 'very close' in time." *Id.* (quoting *Clark County School Dist. V. Breeden*, 532 U.S. 268, 273-74 (2001). As to the second prong, Plaintiff must show "actual antagonistic conduct or animus in the intervening period between the protected activity and the retaliation." *Id.* (internal citations and quotations omitted).

While a few months many have passed between Plaintiff's complaints to management and his ultimate termination, only a few days passed between Plaintiff's hostile interaction with Defendant's supervisor and when he was placed on suspension.[8] This short time frame, coupled

---

[8] The timeline in the Complaint is unclear. The complaint alleges Plaintiff made multiple reports of discrimination. Amend. Complaint at ¶ 19. While the Complaint fails to mention dates or specify

8

with the fact that Plaintiff was continuously lied to and manipulated in the interim, establishes a causal connection between the protected activity and the adverse employments actions of both suspension and termination. Further, Plaintiff alleges he was specifically told he could no longer work for Defendant, *inter alia*, "because he made false allegations."

### C. Discrimination

For a plaintiff to properly establish a prima facie case of discrimination under a pretext theory, he must allege that (1) he is a member of a protected class; (2) he was qualified for the position he sought to attain or retain; (3) he suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). A plaintiff "need not convince the court of any of these elements at the motion to dismiss stage but must submit more than 'the naked assertion that he was discharged because of his membership in a protected class." *Id.* (quoting *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014)).

---

a specific time period, all of these interactions presumably took place over a short period of time, as Plaintiff alleges the discrimination began in February 2022, and his employment only began in October 2021. While it is preferable to provide specific details within a complaint, the Court finds these alleged facts sufficient at this stage.

Further, it is clear Plaintiff did not file an EEOC complaint in March 2022 as alleged, and instead filed an OSHA complaint around that time. *See*, Def. Motion to Dismiss, Exhibits B, C, and D, ECF No. 14. The Court agrees with Defendant that such filing is not a protected activity. *See Fields v. Am. Airlines, Inc.*, 2023 U.S. Dist. LEXIS 17744, *61-2 (E.D. Pa. Sept. 29, 2023) (finding OSHA complaint insufficient to establish Title VII protected activity). Therefore, the Court will disregard that alleged fact. However, at this stage, the Court accepts as true the remaining factual allegations, including the alleged comments from Defendant's employees regarding their belief that an EEOC complaint was filed. Defendant will have the opportunity through discovery to verify or discredit the beliefs and comments of these witnesses.

9

As to the first element of his discrimination claim, Plaintiff alleges he is a member of a protected class as a transgender male. Amend Compl. at ¶ 8. Plaintiff's status as a transgender male is a protected trait within the meaning of Title VII. *See Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1737 (2020) ("An employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex. Sex plays a necessary and undisguisable role in the decision, exactly what Title VII forbids."); *Mayhue v. Core Educ. & Consulting Solutions, Inc.*, No. 11-6955, 2012 U.S. Dist. LEXIS 76934 at *8 (D. N.J. May 31, 2012) ("gender is a protected class and gender discrimination is prohibited under Title VII.") (citing *Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990)).

As to the second element, Defendant hired Plaintiff for the Helper/Stacker job, and Plaintiff held the position for multiple months. Amend. Compl. at ¶¶ 6-7, 66. Following a workplace injury, Plaintiff's doctor instructed him not to grasp or lift anything more than 25 pounds. *Id.* at ¶ 37. Plaintiff's supervisor assigned him duties within these restrictions. *Id*. at ¶ 38. Defendant does not dispute that Plaintiff was capable of performing these duties. Therefore, for the purposes of the motion to dismiss, the Court finds this factor satisfied. As to the third element, as discussed *supra*, Plaintiff suffered from numerous adverse employment actions including being sent home under the false pretext of insufficient work and eventual termination.

An inference of discrimination may be plead "'in a number of ways,' including pointing to 'comparator evidence, evidence of similar discrimination against other employees, or direct evidence of discrimination from statements or actions by the plaintiff's supervisor's suggesting discriminatory animus.'" *Emerson v. Stern & Eisenberg, P.C.*, No. 21-3096, 2022 U.S. Dist. LEXIS 189116 at *12-13 (E.D. Pa. Oct. 17, 2022) (quoting *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2010)). A plaintiff "need not plead specifics of similarly situated

individuals receiving favorable treatment so long as [he] has pleaded facts that are adequate to create an inference that the employment discrimination was based on unlawful criteria." *Miller v. Tithonus Tyrone, L.P.*, No. 3:20-cv-31, 2020 U.S. Dist. LEXIS 75429 at *16 (W.D. Pa. Apr. 29, 2020).

Defendant contends Plaintiff failed to establish an inference of discrimination as he did not allege any other similarly situated employees outside of his class were treated more favorably than he was. For starters, Plaintiff did allege that another member of the LGBTQ+ community quit the company after facing similar treatment. Amend. Compl. at ¶ 18. Further, the statements and actions of Plaintiff's supervisors regarding Plaintiff's sex, discussed *supra*, suggest discriminatory animus for Plaintiff's suspension and firing. However, as also discussed *supra*, Plaintiff fails to plausibly plead enough factual support to establish discrimination based on race. At this stage, the Court declines to dismiss the claims for discrimination based on sex but dismisses those based on race.

## V.     CONCLUSION

Based on the foregoing, Plaintiff's claims of hostile work environment and discrimination based on race as it pertains to Defendant Beacon Container are dismissed without prejudice. The remainder of Plaintiff's claims remain.

An appropriate Order follows.

> BY THE COURT:
>
> */s/ John M. Gallagher*
> JOHN M. GALLAGHER
> United States District Court Judge